UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

IN RE:

FLORIDA FIRST CITY BANKS, INC.

Case No.: 20-30037-JCO
Chapter 11

Debtor-in-Possession.

---

**STATEMENT OF NEED FOR EMERGENCY HEARING ON MOTION FOR ORDERS PURSUANT TO 11 U.S.C. §§ 105(a) AND 363(b); FED. R. BANKR. P. 2002, 6004, 9014, AND 9019; (I) APPROVING (A) BIDDING PROCEDURES AND (B) THE FORM AND MANNER OF NOTICE OF (i) THE SALE OF CERTAIN ASSETS AND (ii) GRANTING RELATED RELIEF; (II) AUTHORIZING AND APPROVING (A) THE SALE OF CERTAIN ASSETS; (III) WAIVING THE 14-DAY STAY OF FED. R. BANKR. P. 6004(h) AND REQUEST FOR EMERGENCY HEARING TO CONSIDER BIDDING PROCEDURES (Doc. 11)**

---

I, the undersigned, request an emergency hearing on the Motion for Orders Pursuant to 11 U.S.C. §§ 105(a) AND 363(b); Fed. R. Bankr. P. 2002, 6004, 9014 AND 9019; (I) Approving (A) Bidding Procedures and (B) The Form and Manner of Notice of (i) The Sale of Certain Assets and (ii) Granting Related Relief; (II) Authorizing and Approving (A) The Sale of Certain Assets and; (III) Waiving the 14-Day Stay of Fed. P. Bankr. P. 6004(h) and Request for Emergency Hearing to Consider Bidding Procedures (doc. 11) (the "Motion").

I request that the matter be heard on or before January 24, 2020.

1. I UNDERSTAND AND AGREE that an emergency hearing shall ordinarily be held only where direct, immediate, and substantial harm will occur to (a) the interest of an entity in property; (b) the estate; or (c) the Debtor's ability to reorganize if the parties are not able to obtain an immediate resolution of the dispute (N.D. Fla LBR 9073-1B.) I HEREBY CERTIFY:

2. There is a true necessity for an emergency hearing because direct, immediate, and substantial harm will occur to the interest of an entity in property, the estate, and the Debtor's ability to reorganize if the parties are not able to obtain an immediate resolution of the issues in the Motion.

3. The relief requested is an Emergency Hearing to occur on or before January 24, 2020, on the Motion. The Motion requests (1) entry of "Bidding Procedures Order," which (i) approves the Bidding Procedures; (ii) approves the Bidding Protections, including the Stalking Horse Bidder fee, the Initial Minimum Overbid, and the bidding increments described below (iii) approves the form and manner of the Notice of Sale and (iv) grants related relief; and (2) that the Court set a Sale Hearing within thirty (30) days of the entry of any Bidding Procedures Order.

4. At the Sale Hearing, Debtor requests entry of an Order (the "Sale Order"), which (i) approves the Agreement; (ii) confirms that the sale of the Shares shall be free and clear of all Encumbrances; (iii) waives the 14-day stay incorporated

by Bankruptcy Rules 6004(h) and 6006(d); and (vii) approves certain findings of fact and conclusions of law, including, without limitation, that all requirements imposed by Bankruptcy Code section 363(f) have been satisfied, that the Purchaser is a good faith purchaser entitled to the protections of Bankruptcy Code Section 363(m), and that the terms of the Sale are fair and reasonable.

5. This matter must be heard on an emergency basis specifically because the Debtor commenced this case in accordance with the requirements of a written Plan of Merger and Merger Agreement dated January 14, 2020. The Merger Agreement, as set forth in the Motion, requires entry of the Bidding Procedures Order within 10-days of the Petition Date and requires that the Sale Hearing be held within 30 days of the entry of the Bidding Procedure Order. Such shortened time frame was warranted by the uncertainty and risk this filing causes for the Debtor's business operations as holding company of a federally commissioned bank.

6. Pursuant to the Local Rules of this Court and the District Court for the Northern District of Florida (N.D. Fla Loc. R. 7.1(B)), J. Steven Ford proposed co-counsel to the Debtor in Possession has conferred with counsel for the Purchaser who has assented to the requested relief. J. Steven Ford has spoken to the attorney for creditor Wilmington Trust Company, who indicated that Wilmington is unable to consent at this time until it has obtained and reviewed the Motion and other relevant documents. J. Steven Ford has also placed a call to the President and CEO

of First National Banker's Bank, the secured creditor, but has not yet spoken to him.

7. As a member of the Bar of the Court, that I have carefully examined the matter under consideration and to the best of my knowledge, information, and belief formed after reasonable inquiry, all allegations are well grounded in fact and all contentions are warranted by existing law or good faith arguments for the extension, modification, or reversal of existing law can be made. The matter under consideration is not interposed for any improper purpose, such as to harass, or to cause delay.

8. The necessity of this emergency hearing has not been caused by a lack of due diligence on my part, but has been brought about by circumstances beyond my control or that of my client.

Dated this 16th day of January 2020.

/s/ J. Steven Ford
J. STEVEN FORD, ESQUIRE
Florida Bar Number 512869
Wilson, Harrell, Farrington, Ford,
Wilson, Spain, & Parsons, P.A.
307 South Palafox Street
Pensacola, Florida 32502
Telephone: (850) 438-1111
Facsimile: (850) 432-8500
jsf@whsf-law.com
melissa@whsf-law.com
*Attorney for Florida First City Banks, Inc*

/s/ Jodi D. Dubose
JODI D. DUBOSE
Florida Bar No. 52651
41 N. Jefferson St., Suite 111
Pensacola, FL 32502
(850) 637-1836
jdubose@srbp.com
*Attorney for Florida First City Banks, Inc*